## WILCOX and Another *v.* DAVIS and Others.

The directors of the *New-Trenton and Southgate Bridge and Road Company* were held to be liable, in their individual property, over and above the solvent stock of the company, for a debt contracted in the name of the company for the erection of a bridge.

Thursday, December 13.

APPEAL from the *Franklin* Circuit Court.

PERKINS, J.—This is a suit by *Wilcox* and *Reed* against the directors of the "*New-Trenton and Southgate Bridge and Road Company*," to recover the balance due upon a contract for building a bridge on the line of said road, over the *White Water* river. The suit is against the directors personally, and seeks to hold them individually liable. The complaint sets out facts sufficient for that purpose, if the law subjects the directors to such liability.

The complaint was demurred to, and the demurrer was sustained, on the ground that, under the charter, the directors were not individually liable.

The correctness of that decision is the only point before
this Court.

The charter of the company is as follows:

"SEC. 1. Be it enacted by," &c., "that," &c., "be," &c., "and by," &c., "and enjoy all powers necessary for the construction and maintenance of a bridge over," &c., "at," &c., "and said company may collect such toll,". &c.

"SEC. 2. Said company, on the construction of a good and substantial road, shall have all the powers given by the general laws of this state for the construction of plank-roads, and be governed in all things by this act, and an act authorizing the construction of plank-roads, approved *January* 15, 1849, and the acts amendatory thereto; provided, however, said company may organize and commence the work whenever good stock to the amount of two hundred dollars per mile shall have been subscribed.

"SEC. 3. This act shall be a public act," &c.

The 23d section of the plank-road act of 1849, above referred to, and made part of the charter of the "*New-Trenton and Southgate Bridge and Road Company*," enacted that—"The directors of any company that may be formed under the provisions of this act, shall be liable, in their individual property, for any debts they may contract in the name of the company as aforesaid, over and above the solvent stock of any company formed as aforesaid."

It is admitted that if the debt sued for had been contracted for the construction of the road, this suit against the directors making the contract could be sustained, and that they would be individually liable; but it is insisted that they can not, under the charter, be rendered so liable for debts contracted in and about the building of the bridge.

But it is the same company, acting under the same general powers, that builds both the bridge and the road; both are built on the strength of the general stock of the company; both are, when built, alike the property of the company, and the source of profit and loss to the company.

We can not perceive that the company acts in one

Nov. Term,
1855.

character as bridge builder, and another as road builder, or that there is any different liability as to one or the other.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. D. Howland*, for the appellants.

*G. Holland*, for the appellees.